**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| EDWIN PALMERI; RALPH PALMERI, | No. C 14-1267 MMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND; VACATING JULY 18, 2014 HEARING** |
| ALLSTATE INSURANCE COMPANY; HARTFORD INSURANCE COMPANY, | |
| Defendants. | |

15

16

17

18

19

20

21

        Before the Court is defendant Allstate Insurance Company's ("Allstate") motion, filed June 9, 2014, to dismiss plaintiffs' First Amended Complaint ("FAC").  Plaintiffs Edwin Palmeri and Ralph Palmeri have filed opposition, to which Allstate has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, and VACATES the hearing scheduled for July 18, 2014.

22

23

24

25

26

27

        The instant action arises out of an August 2009 automobile accident in which plaintiffs were involved with an uninsured motorist.  (See FAC ¶¶ 7-8.)  Plaintiffs allege they had uninsured motorist coverage under a policy issued by Allstate and that Allstate paid to repair the damage to plaintiffs' vehicle but denied their claim for medical expenses.  (See id. ¶¶ 9-10.)  In their FAC, plaintiffs assert two causes of action against Allstate,[1] the first titled "Breach of Contract" and the second titled "Unfair Competition under CA Civil Code

28

        [1] On March 31, 2014, plaintiffs voluntarily dismissed defendant Hartford Insurance Company.

1  Section 1770." (See id. at 3-4.)

2       Allstate argues both claims are subject to dismissal under Rule 12(b)(6) of the

3  Federal Rules of Civil Procedure.  Plaintiffs do not argue to the contrary; indeed, plaintiffs

4  concede both claims should be dismissed and seek leave to amend only as to the first, a

5  request Allstate does not oppose.

6       In addition to the above-referenced relief, plaintiffs additionally request they be given

7  leave to amend to add a cause of action alleging breach of the implied covenant of good

8  faith and fair dealing and a cause of action under California's Unfair Competition Law

9  ("UCL").  Allstate takes no position at this time as to the viability of either such claim, and,

10  given the limited record available at this stage of the proceedings, the Court is not prepared

11  to find such claims are necessarily futile.  See Sonoma County Ass'n of Retired Employees

12  v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (noting courts may decline to grant

13  leave to amend where the requested amendment would be futile).

14       Accordingly, for the reasons stated above:

15       1.  Allstate's motion is hereby GRANTED; plaintiffs' First and Second Causes of

16  Action are hereby DISMISSED, and plaintiffs are hereby afforded leave to amend their First

17  Cause of Action.

18       2.  Plaintiffs' request to amend to add a cause of action alleging breach of the

19  implied covenant and a cause of action alleging a violation of the UCL is hereby

20  GRANTED.

21       3.  Plaintiffs' Second Amended Complaint shall be filed no later than July 23, 2014;

22  except as provided above, plaintiffs may not add any new federal or state law claims, nor

23  may they add any new defendant, without first obtaining leave of court.  See Fed. R. Civ. P.

24  15(a)(2).

25       **IT IS SO ORDERED.**

26

27  Dated: July 2, 2014

_____
MAXINE M. CHESNEY
United States District Judge

28

2